**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANGELA VICTORIA JOHNSON,

      Plaintiff,

v.                                                                                            Case No. 3:22-cv-611-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

### I.  Status

    Angela Victoria Johnson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of epilepsy, chronic depression, anxiety, lupus, multiple sclerosis, rheumatoid arthritis, high cholesterol, fatigue, shortness of breath, low heat intolerance, chronic inflammation, confusion, memory loss, severe cramping in her hands and feet, issues with vision and speech, tingling, numbness, and burning sensation.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed August 2, 2022; Reference Order (Doc. No. 16), entered August 3, 2022.

Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed August 2, 2022, at 152-53, 165-66, 181, 199, 476.

On March 21, 2017, Plaintiff protectively filed applications for DIB and SSI, alleging in the DIB application a disability onset date of July 16, 2016, and in the SSI application a disability onset date of July 16, 2013. Tr. at 445-51 (DIB), 439-44 (SSI).[2] Later, Plaintiff amended the onset date, at least as to the DIB application, to July 20, 2016. Tr. at 452. The applications were denied initially, Tr. at 165-77, 178, 245, 246-48 (DIB); Tr. at 152-64, 179, 249, 250-52 (SSI), and upon reconsideration, Tr. at 180-97, 216, 261, 262-66 (DIB); Tr. at 198-215, 217, 267, 268-72 (SSI).

On January 14, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 90-128. The ALJ issued a decision on March 4, 2020 finding Plaintiff not disabled through the date of the decision. Tr. at 221-33.[3] Plaintiff requested review by the Appeals Council. Tr. at 358-59. On December 16, 2020, the Appeals Council vacated the decision and remanded the matter to an ALJ for further proceedings. Tr. at 241-42.

---

[2]   The DIB and SSI applications were actually completed on March 23, 2017 and March 21, 2017, respectively. Tr. at 445 (DIB), 439 (SSI). The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as March 21, 2017. Tr. at 165, 181 (DIB), 152, 199 (SSI).

[3]   The administrative transcript also contains an ALJ decision dated July 22, 2016 on earlier-filed applications. Tr. at 133-45. That decision is not at issue in this appeal.

On April 7, 2021, another ALJ held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a VE.[4] Tr. at 39-88. At the time of this hearing, Plaintiff was forty-nine (49) years old. Tr. at 47. During the hearing, Plaintiff amended the alleged onset disability date to October 3, 2017. Tr. at 44-45, 49, 474. On September 15, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-29.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. Tr. at 5-6 (Appeals Council exhibit list and order), 438 (request for review), 436-37 (brief). On April 13, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On June 3, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal makes one argument: that "[t]he ALJ failed to apply the correct legal standards to [Plaintiff's] need for an assistive device and made findings not supported by substantial evidence." Plaintiff's Brief (Doc. No. 21; "Pl.'s Br."), filed October 11, 2022, at 5 (emphasis omitted). On December 12,

---

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 41-42, 380-93, 419-20, 426.

2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five,

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. <u>See</u> Tr. at 14-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 20, 2016, the alleged onset date."[6] Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity, diabetes mellitus, diabetic neuropathy, degenerative disc disease of the lumbar and cervical spine, mild osteoarthritis of the knees, fibromyalgia, multiple sclerosis (MS), headaches, a history of seizures, gastroesophageal reflux disease (GERD), depression and anxiety." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a reduced range [of] light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). Specifically, she has the ability to lift/carry and push/pull 20 pounds occasionally (up to one-

---

[6] The ALJ erroneously stated at multiple points in the Decision that the alleged onset disability date was July 20, 2016 (instead of the amended date of October 3, 2017). <u>See</u> Tr. at 12, 14, 29. However, this error had no real effect on the findings at issue in this appeal.

> third of the day), and 10 pounds frequently (up to two-thirds of the day); sit for four hours at a time and a total of eight hours during an eight hour day, and stand and/or walk for two hours at a time and a total of six hours during an eight hour day. She cannot more than occasionally climb ladders and stairs/ramps, but can frequently balance, stoop, kneel, crouch and crawl. She has no limitations regarding manipulation, vision or communication but has environmental limitations precluding concentrated exposure to temperature extremes and work hazards including unprotected heights and dangerous machinery. Mentally, she cannot perform complex tasks, but can perform simple, routine tasks consistent with unskilled work with a reasoning level of two with concentration on those tasks for two-hour periods with normal breaks and a lunch.

Tr. at 17 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "CNA." Tr. at 28 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 28-29. After considering Plaintiff's age ("44 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28, such as "order caller," "retail marker," and "mail sorter." Tr. at 29 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 20, 2016, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

6

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Plaintiff argues the ALJ erred in determining that the record does not establish medical need for an assistive device. Pl.'s Br. at 5-15. According to Plaintiff, the ALJ improperly focused on the fact that there is no documentation of a prescription for either a cane or walker (both of which Plaintiff has used). Id. at 13-15. Moreover, Plaintiff states that three medical sources documented her need for such devices, which, according to Plaintiff, satisfies the relevant Social Security Ruling and one of the listings that the ALJ considered (listing 1.00(C)(6)(a)). Id. at 14. Responding, Defendant argues the ALJ properly considered Plaintiff's allegations regarding her need for an assistive device and found that one was not required. Def.'s Mem. at 4-7.

When a claimant alleges that an assistive device, such as a cane or walker, is required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (SSA 1996).

Here, the ALJ was squarely on notice of Plaintiff's allegations about the necessity of an assistive device, having been directed on remand by the Appeals Council to "[f]urther consider[ Plaintiff's] need for an assistive device." Tr. at

8

241. At the remand hearing, there was a lengthy discussion of Plaintiff's allegations regarding her use of a cane and a walker. The ALJ questioned Plaintiff about who prescribed them since prescriptions could not be found in the record. Tr. at 52-59. The ALJ then noted that because "90%" of the relevant records merely contained observations of Plaintiff using assistive devices, it was difficult to determine the extent to which they were needed. Tr. at 57-58.

In response to a question about when Plaintiff uses her cane, she testified she uses it "[m]ostly when [she's] out." Tr. at 58. She does not typically use it around the house. Tr. at 58. She was prescribed the cane in relation to balance issues, and she uses it with her right hand. Tr. at 58-59, 65. As for the walker, it was prescribed to use with "distance" and associated "shortness of breath," and also for balance issues. Tr. at 59; see Tr. at 78. She typically only uses it "if [she's] going a long distance" like "to the flea market" to "walk around." Tr. at 54; see Tr. at 65. It allows her to "sit down and rest." Tr. at 54.

According to Plaintiff, if she just goes "outside in the yard," she does not need her cane or walker. Tr. at 66. She can stand for about fifteen minutes without needing either. Tr. at 66. She can also walk for ten to fifteen minutes without the use of either. Tr. at 67, 77. She could not do this every hour, though, because of her pain. Tr. at 67, 77. With a walker, Plaintiff could walk about thirty minutes without having to sit down. Tr. at 78.

9

When the ALJ asked the VE about a someone with Plaintiff's limitations, he provided various hypotheticals. Tr. at 81-83. First, he used the hypothetical that ultimately became the RFC in the written Decision, providing for no use of a cane or walker. Tr. at 81. In response, the VE testified an individual could perform jobs of order caller, retail marker, and mail sorter. Tr. at 81. (The ALJ found in the Decision that Plaintiff could perform these jobs. Tr. at 29.) But as a first alternative, the ALJ asked the VE to assume "use of a cane to and from the work station but not when standing in one position," to which the VE responded that the jobs identified would still be able to be performed. Tr. at 82. The VE later clarified, however, that a person who needed a cane to stand beyond ten minutes would not be able to perform those jobs. Tr. at 84.

The ALJ also asked the ALJ to assume someone could only perform sedentary work with additional restrictions, Tr. at 82, and in response, the VE testified a person could perform jobs of document preparer and addresser, Tr. at 82-83. But, the VE later clarified that someone needing a cane or walker for standing more than ten minutes would not be able to perform these jobs either. Tr. at 85.

In the written Decision, the ALJ addressed in detail Plaintiff's allegation that she needs a cane or walker. Tr. at 18, 25. The ALJ wrote in relevant part:

> When asked about the need for an assistive device, [Plaintiff] testified that she needs it for balance due to weakness and shortness of breath. However,

10

pulmonary function testing failed to show listing level breathing abnormalities, and [Plaintiff] has continued to smoke cigarettes against medical advice, which would suggest that her breathing issues are not as severe as she has alleged. While [Plaintiff] uses an assistive device, the record does not establish that a hand-held assistive device is medically required pursuant to SSR 96-9p. To find that a hand-held assistive device is medically require[d], there must be medical documentation establishing the need for the device to aid in walking and standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information.) The record fails to show that a cane has been medically prescribed even though [Plaintiff] reported she had been prescribed the cane by an earlier treating source. The medical necessity of an assistive device is not established consistent with SSA regulations. There is no diagnostic evidence of a significant rheumatoid arthritis condition or evidence or significant treatment for such. The treatment records indicated [Plaintiff] was recommended to use devices based on her complaints of balance issues and pain, but no ongoing need for such a device. Neurology records from Neurology Care and Dr. Perumal showed a normal neurological examination with normal coordination, normal muscle strength and tone, normal gait and normal reflexes. In addition, even though there was an emergency room visit at AdVent health for complaints of numbness and tingling of the lower extremities with a syncopal episode on March 20, 2021, these records show that [Plaintiff] had not used her medications for multiple sclerosis for the past month due to insurance issues and work up produced no focal neurological deficit or concern for cardiac ideology, and her laboratory reports were negative with recommendation for her to continue using the Keppra and Ativan for any suspected seizure activity. For the most part, [Plaintiff] has consistently denied having syncope and episodes of dizziness and/or shortness of

> breath/dyspnea. The undersigned thus finds that the need for a cane for ambulation has not been established by the records; however, [Plaintiff] would still not be disabled if she had been limited to sedentary work requiring the use of a cane for ambulation.

Tr. at 25 (citations omitted).

Plaintiff does not specifically challenge any of these factual findings made by the ALJ. See Pl.'s Br. at 13-14. Instead, Plaintiff contends the ALJ improperly focused on the lack of documented prescriptions for the devices. While the ALJ did note the lack of prescriptions and commented on the challenge of not having them to determine the extent to which a cane and/or walker was necessary, the ALJ's observation about it was accurate and was not the sole basis for finding no necessity. See Tr. at 25. The ALJ did not err here.

Plaintiff also alleges that treating providers documented her need for an assistive device. See Pl.'s Br. at 14 (citing Tr. at 587, 1209, 1370). While Plaintiff is accurate that some providers noted ambulation issues and commented on her need for a cane or walker if balance became a problem, the fact remains there is a lack of evidence on the circumstances for which an assistive device would be required. For this reason, the ALJ's findings on the assistive device need not be disturbed.[7]

---

[7] In any event, even if the ALJ erroneously found that a cane or walker is not necessary, the VE still testified as to jobs that could be performed within certain parameters. See Tr. at 82-85. So, remand for further consideration would serve no useful purpose.

12

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record